```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
REGINALD GOUSSE,

                    Plaintiff,                    **Memorandum and Order**

        v.                                        21-CV-489(KAM)(AYS)

ANTHONY GIARDULLO,

                    Defendant.
----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

The plaintiff, Reginald Gousse ("Plaintiff"), who is currently incarcerated at the Wende Correctional Facility in Erie County, New York, initiated this action *pro se* claiming libel, intentional infliction of emotional distress, and negligent infliction of emotional distress.  (*See generally* ECF No. 1, Complaint ("Compl.").)  Plaintiff purports to invoke this court's jurisdiction based on the diversity of the parties' citizenship, pursuant to 28 U.S.C. § 1332.  (*Id.* at 2.)

Plaintiff's request to proceed *in forma pauperis* is GRANTED.  For the reasons that follow, the court DISMISSES Plaintiff's complaint for lack of subject matter jurisdiction, but grants Plaintiff leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

## Background

In 2006, Plaintiff was convicted by a jury in New York State court of murder in the first degree, attempted robbery in

the first degree, and criminal impersonation in the first degree.  *See People v. Gousse*, 841 N.Y.S.2d 383, 384 (2d Dep't 2007).  The crime of conviction was the murder of a man who was shot and killed on the night of January 5, 2005 in Franklin Square, Nassau County, New York.  (Compl. at 2.)  The defendant in this civil case, Anthony Giardullo ("Defendant"), testified as an eyewitness at Plaintiff's criminal trial, and identified Plaintiff as the shooter.  (*Id.* at 3.)  Following Plaintiff's trial and conviction, Plaintiff was sentenced to life imprisonment without the possibility of parole.  (*Id.* at 4.)

Plaintiff alleges that on May 20, 2020, Defendant published a false statement on Defendant's Twitter account.  (*Id.* at 4.)  The Twitter post, which Plaintiff attached as an exhibit to the complaint, recounted Defendant's testimony against "a man" who shot a victim while impersonating a police officer.  (*Id.*, Ex. G.)  Specifically, Plaintiff alleges that Defendant's statements that Plaintiff was a "killer" and a "police impersonator" are false.  (*Id.* at 5.)  Plaintiff seeks compensatory damages in the amount of $1.5 million, plus punitive damages in the amount of $1 million, for libel and the infliction of emotional distress.  (*Id.* at 8.)

**Legal Standard**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, the court need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  Nonetheless, a district court shall dismiss an action brought *in forma pauperis* "at any time" if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

Federal courts are courts of limited jurisdiction, and may not preside over cases if subject matter jurisdiction is lacking. *See Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived, and it may be raised at any time by a party, or by the court *sua sponte*. *Id.* "If subject matter jurisdiction is lacking, the action must be dismissed." *Id.*; *see also* Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction bears the burden of proof. *DiTolla v. Doral Dental IPA of N.Y.*, 469 F.3d 271, 275 (2d Cir. 2006).

Plaintiff's claims for libel and infliction of emotional distress are based entirely on state tort law. Because such claims do not arise under a federal law, a federal treaty, or the Constitution of the United States, federal question subject matter jurisdiction cannot be invoked. *See* 28 U.S.C. § 1331. Thus, this court will only have subject matter jurisdiction over Plaintiff's claims if there is diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).

Here, the diversity of citizenship requirement appears to be satisfied. Plaintiff alleges that he is a citizen of Haiti, and although he is currently incarcerated in Nassau County, New York, he is a non-permanent resident of the United States. (Compl. at 2.) Defendant is allegedly a citizen of New York. (*Id.*) An individual's citizenship is generally determined by a person's domicile. *See Tagger v. Strauss Group Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020). However, immigrants present in the United States on a non-permanent basis are considered citizens of their home country for purposes of diversity jurisdiction. *See Kato v. Cty. of Westchester*, 927 F. Supp. 714, 715-16 (S.D.N.Y. 1996). Thus, the court accepts Plaintiff's allegation that he is a non-permanent resident of the United States, and for purposes of diversity jurisdiction, he is deemed a citizen of Haiti. The law provides for diversity jurisdiction over actions between "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a)(2). Thus, because Plaintiff is a citizen of Haiti and Defendant is a citizen of New York, complete diversity is present.

However, Plaintiff fails to satisfy the amount-in-controversy requirement. "[A]plaintiff invoking federal jurisdiction must demonstrate a 'reasonable probability' that the amount-in-controversy requirement is satisfied[.]" *Pyskaty*

5

*v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). Although courts recognize a "presumption that the face of the complaint is a good faith representation of the actual amount in controversy," that presumption is rebutted where there is "legal certainty that [the plaintiff] could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums." *Colavito v. New York Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999)). Here, Plaintiff purports to seek over one million dollars in compensatory damages. However, it is a "legal certainty" based on the facts alleged that Plaintiff could not recover the claimed damages, and thus cannot establish federal jurisdiction. Under New York law, damages for libel can include both "out-of-pocket loss" and "impairment of reputation and standing in the community, personal humiliation and mental anguish and suffering." *Van-Go Transp. Co. v. New York City Bd. of Educ.*, 971 F. Supp. 90, 100 (E.D.N.Y. 1997) (quoting *Wachs v. Winter*, 569 F. Supp. 1438, 1446 (E.D.N.Y. 1983)). Plaintiff, however, has not alleged any facts showing out-of-pocket loss, damage to his reputation, nor any manifestations of his alleged mental anguish. Thus, even accepting all facts alleged as true,

6

Plaintiff's damages would be less than $75,000. *See Trisvan v. Burger King Corp.*, No. 19-cv-6396 (MKB), 2020 WL 1975236, at *2 (E.D.N.Y. Apr. 24, 2020) ("The amount in controversy must be non-speculative in order to satisfy the statute and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient.").

Moreover, even if Plaintiff could invoke the court's subject matter jurisdiction, his claim for libel, as currently alleged in his complaint, would fail to state a claim for relief. "Under New York law, a plaintiff must establish five elements to recover in libel: (1) a written defamatory statement of fact concerning the plaintiff; (2) publication to a third party; (3) fault (either negligence or actual malice depending on the status of the libeled party); (4) falsity of the defamatory statement; and (5) special damages or *per se* actionability (defamatory on its face)." *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 176 (2d Cir. 2000).

Plaintiff alleges that Defendant published a statement on Twitter asserting that "a man" was a "killer" and a "police impersonator." First, the statement at issue did not include Plaintiff's name; it only referred to "a man" who shot and killed a victim. (Compl., Ex. G.) Second, Plaintiff has not sufficiently alleged that the statement at issue was false. Plaintiff was convicted in state court of murder and criminal

7

impersonation, he exhausted his state court appeals, and his petition for a writ of *habeas corpus* was recently denied by the Honorable Joanna Seybert in this District. *See Gousse v. Superintendent*, No. 19-cv-1607 (JS), 2020 WL 4369643, at *24 (E.D.N.Y. July 29, 2020). Given that Plaintiff was convicted of the crimes Defendant allegedly accused Plaintiff of committing, Plaintiff has failed to allege any facts to suggest that the statements made by Defendant were false, or even "not substantially true." *Tannerite Sports, LLC v. NBC Universal News Grp.*, 864 F.3d 236, 247 (2d Cir. 2017).

## Conclusion

For the foregoing reasons, Plaintiff's complaint is DISMISSED for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, and for failure to state a claim. However, in light of Plaintiff's *pro se* status, the court grants Plaintiff leave to amend the complaint to allege facts, if possible, to support subject matter jurisdiction, and to state a claim against Defendant. The court grants Plaintiff thirty (30) days from the date of this Memorandum and Order to file an amended complaint. If Plaintiff fails to amend his complaint within thirty days, judgment will be entered against him. No summons shall issue at this time, and all further proceedings shall be stayed for thirty days.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to serve a copy of this order on Plaintiff by mail, and to note the service by mailing on the docket.

**SO ORDERED.**

Dated:   Brooklyn, New York
         February 8, 2021

                                              /s/
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge