```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
REGINALD GOUSSE,

                Plaintiff,
                                            Order Dismissing Case
        v.
                                            21-CV-489(KAM)(AYS)
ANTHONY GIARDULLO,

                Defendant.
----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Reginald Gousse ("Plaintiff") initiated this action *pro se* against Anthony Giardullo ("Defendant"), claiming libel, intentional infliction of emotional distress, and negligent infliction of emotional distress.  Plaintiff purported to invoke this court's jurisdiction based on the diversity of the parties' citizenship, pursuant to 28 U.S.C. § 1332(a).

By Memorandum and Order dated February 8, 2021, this court granted Plaintiff's request to proceed *in forma pauperis*, and dismissed Plaintiff's complaint for lack of subject matter jurisdiction, because Plaintiff did not sufficiently allege that he suffered at least $75,000 in damages, which is required to invoke this court's jurisdiction pursuant to 28 U.S.C. § 1332(a).  (*See generally* ECF No. 5, Memorandum and Order ("Feb. 8 M&O").)  Because Plaintiff is acting *pro se*, the court granted Plaintiff leave to file an amended complaint.  Plaintiff filed an amended complaint on April 5, 2021.  (ECF No. 8, Amended

Complaint ("Am. Compl.").) For the reasons that follow, Plaintiff's amended complaint is likewise dismissed for lack of subject matter jurisdiction.

Plaintiff's claims all relate to a single Twitter post, allegedly posted by Defendant on May 20, 2020. The Twitter post, which Plaintiff attached to his amended complaint, referred to "a man" who shot a victim while impersonating a police officer. (Am. Compl., Ex. G.) Plaintiff alleges that the statements in the Twitter post, which referred to the unnamed "man" as a "killer" and a "police impersonator," were about Plaintiff, and were false. (Am Compl. at 5.) Notably, Plaintiff is currently serving a prison sentence for a 2006 conviction in state court of murder in the first degree, attempted robbery in the first degree, and criminal impersonation in the first degree. *See People v. Gousse*, 841 N.Y.S.2d 383, 384 (2d Dep't 2007). Plaintiff seeks compensatory damages from Defendant "in an amount in excess of the minimum jurisdiction limits of this Court, . . . plus punitive damages in an amount in excess of the minimum jurisdictional limits of this Court[.]" (*Id.* at 7.)

As explained in the court's prior Memorandum and Order, federal courts are courts of limited jurisdiction, and may not preside over cases if subject matter jurisdiction is lacking. (*See* Feb. 8 M&O at 4-7.) If subject matter

2

jurisdiction is lacking, the court must dismiss the case. *See* Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction bears the burden of proof. *DiTolla v. Doral Dental IPA of N.Y.*, 469 F.3d 271, 275 (2d Cir. 2006).

This court only has subject matter jurisdiction over state law claims like the ones presented by Plaintiff if the "matter in controversy exceeds the sum or value of $75,000 . . . ." 28 U.S.C. § 1332(a).[1] "[A] plaintiff invoking federal jurisdiction must demonstrate a 'reasonable probability' that the amount-in-controversy requirement is satisfied[.]" *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)).

Under New York law, damages for libel can include both "out-of-pocket loss" and "impairment of reputation and standing in the community, personal humiliation and mental anguish and suffering." *Van-Go Transp. Co. v. New York City Bd. of Educ.*, 971 F. Supp. 90, 100 (E.D.N.Y. 1997) (quoting *Wachs v. Winter*, 569 F. Supp. 1438, 1446 (E.D.N.Y. 1983)). In his original and amended complaints, Plaintiff has not alleged any facts showing out-of-pocket losses, nor damage to his reputation. Plaintiff merely asserts that he suffered "severe emotional injuries," for

---

[1] This court previously found that the diversity of citizenship requirement contained in 28 U.S.C. § 1332(a) appeared to be satisfied. (*See* Feb. 2021 M&O at 5.)

3

which he sought medical treatment.  (Am. Compl. at 7.) Plaintiff, however, has not provided any factors or accounting to show how his alleged emotional injuries, and the treatment for them, amounted to at least $75,000 in damages.  Plaintiff has not alleged that he ever paid for any medical treatment; he alleges only that he is presently taking medication that is administered by the New York State Office of Mental Health.  (*Id.*)  Further, Plaintiff has not alleged that his mental injuries have manifested in a way that have caused him economic damage.  Plaintiff does not provide any specific amount of damages, and instead seeks, in conclusory fashion, "[a]n award of compensatory damages in an amount in excess of the minimum diversity jurisdictional limits of this Court . . . plus punitive damages in an amount in excess of the jurisdictional limits of this Court."  (*Id.*)  The amount in controversy must be non-speculative in order to satisfy the jurisdictional requirement, and a conclusory allegation that the amount in controversy is satisfied, such as the one made by Plaintiff, is insufficient.  *See Trisvan v. Burger King Corp.*, No. 19-cv-6396 (MKB), 2021 WL 1193531, at *6 (E.D.N.Y. Mar. 30, 2021).

      Even if Plaintiff made more specific factual allegations of the monetary damages he suffered, the court need not accept an allegation of damages that is implausible.  *See Weir v. Cenlar FSB*, No. 16-cv-8650 (CS), 2018 WL 3443173, at *12

4

(S.D.N.Y. July 17, 2018) ("[T]he jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible."). Construing Plaintiff's claims liberally, it is not plausible that a Twitter post that (1) did not refer to Plaintiff by name, and (2) referenced crimes that Plaintiff was in fact convicted of (murder and criminal impersonation), caused mental anguish amounting to at least $75,000 in damages.[2] Though Plaintiff alleges that he is receiving treatment for mental health issues, he does not allege any facts that link his mental health issues to Defendant's alleged Twitter post.

Plaintiff's complaint and amended complaint do not purport to bring any claims other than his state law claims, which require, for federal diversity jurisdiction, that the amount in controversy be at least $75,000. To the extent that Plaintiff's amended complaint could be liberally construed to assert a claim for wrongful conviction based on Defendant's testimony, such a claim cannot be raised in this court at this time. Plaintiff already exhausted his state court appeals of his conviction, and he previously brought a *habeas corpus* petition in federal court, which was denied. *See generally*

---

[2] The court also notes that Defendant's alleged Twitter post does not state that Defendant did not witness the incident he describes, but merely states that he testified instead of his son, who may or may not have also witnessed the incident described.

*Gousse v. Superintendent*, No. 19-cv-1607 (JS), 2020 WL 4369643 (E.D.N.Y. July 29, 2020). Thus, any claims related to Plaintiff's conviction that could have been asserted in his *habeas* petition have already been heard in federal court, and are barred. *See* 28 U.S.C. § 2244(b)(2)(B)(i) ("A claim presented in a second or successive *habeas corpus* application . . . that was not presented in a prior application shall be dismissed unless," *inter alia*, "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence[.]").

Moreover, even if Plaintiff were to assert that Defendant's Twitter post presented a new fact relevant to his conviction that was not known at the time of his first *habeas* petition, such an argument would first have to be raised in state court. *See Forman v. Artuz*, 211 F. Supp. 2d 415, 420 (S.D.N.Y. 2000) ("a state *habeas corpus* petition cannot serve to raise an issue that could have been raised . . . under a [New York Criminal Procedure Law § 440.10 motion"); *see also* N.Y. Crim. Proc. Law § 440.10(1)(g) ("At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that [n]ew evidence has been discovered . . . ."). Thus, even liberally construing Plaintiff's amended complaint, there are no

6

viable claims he can raise related to his conviction in federal court.

For the foregoing reasons, the court finds that it lacks subject matter jurisdiction over Plaintiff's claims. Accordingly, this case is dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall enter judgment and close the case. The Clerk of Court is also respectfully directed to mail a copy of this Order and the judgment to Plaintiff, and to note the mailing on the docket.

**SO ORDERED.**

Dated:   Brooklyn, New York
         April 15, 2021

                                            /s/
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge